## THOMPSON *et al. v.* LEE *et al.*

Instructions to the jury are properly refused when not warranted by the pleadings.

The failure of a defendant to deny the charges in a complaint, making out a *prima facie* case for the plaintiff, will throw the *onus* on defendant of proving his affirmative allegations.

A notice of intention to appropriate the waters of a certain stream is evidence of possession, but of itself, alone, is not sufficient.  Taken with other acts, it amounts to sufficient evidence.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The plaintiffs in this case averred that their grantors, in March, 1852, posted a notice on North Slate Creek, claiming the waters thereof, and of all the ravines that might be crossed by their contemplated ditch, from that point to Gibsonville.  That surveys were made, and the ditch dug, by which the waters of the north branch of Slate Creek, and also of Third Ravine, had been appropriated.  That the defendants, subsequent locators, had wrongfully diverted and used the waters of Slate Creek and Third Ravine, to the great damage of plaintiffs, etc.

The prayer of the complaint comprehended damages, and an injunction restraining defendants from using the waters, etc.

The following answer was filed by defendants ·

"The defendants in the above case, answering, deny that plaintiffs posted a notice at the time and place mentioned in their complaint, claiming the waters of North Slate Creek.  That they surveyed the same, in manner and form as set forth in their complaint.

"They further deny that plaintiffs, by any act of theirs, ever acquired any right, by the laws and customs of miners, to the north branch of Slate Creek, but affirm that defendants are the true and lawful owners of the same, and have been in possession of said branch, and the waters thereof, for the last two years.

"Defendants further deny that they have ever taken the waters of the Third Ravine, and that they have ever asserted any right to the same, or that they have ever received any notice in regard to the same, from plaintiffs.

"Defendants, further answering, say that they have not, by any

Thompson *v.* Lee.

illegal act of theirs, damaged plaintiffs, and that they have done nothing in the premises further than to use the said waters of the north branch of Slate Creek, to which they have a good and valid right and title. That, in the year 1852, they posted a notice upon the north branch of Slate Creek, claiming its waters. That they proceeded at once to survey and dig a ditch, conveying the same to Whisky Diggings; and that since that time they have taken said waters to Gibsonville; and that they have been in peaceable possession of the same. Wherefore they pray," etc.

The jury found a verdict for the plaintiffs, for four hundred dollars, damages, on which judgment was entered, and also a perpetual injunction awarded, restraining defendants from diverting so much of the waters of Slate Creek and Third Ravine, as was necessary to fill plaintiffs' ditch.

From this judgment defendants appealed.

The nature of the instructions given and refused, appears in the opinion of the Court, and the argument of counsel.

*Dunn & Meredith* for Appellants.

1. The Court erred in refusing the instructions asked for by defendants' counsel, the same being intelligibly expressed, sound and correct in a legal view, and applicable under the pleadings and evidence.

"Possession, or actual appropriation, must be the test of priority, in all claims to the use of water, wherever such claims are not dependent upon the ownership of the land, through which the water flows. * * * Such appropriation cannot be constructive." Kelly & Co. *v.* Natoma Water Co., 6 Cal. R.

"The design to appropriate cannot give exclusive rights, until executed, but the actual possession alone can give the right." Kelly & Co. *v.* Natoma Water Co., 6 Cal. R.

2. The Court erred in substituting its own charges to the jury, for those asked by defendants' counsel; the former being partial, and less applicable under the pleadings, calculated to mislead the jury, entrenching upon the province of the jury, by presuming a fact in issue, less comprehensive and intelligible, contradictory in themselves, and erroneous in law.

Our statute, regulating pleadings, distinctly provides for the general issue at common law, and a general denial, in plain language, is equivalent, in our practice, to the general issue at common law. 2 Cal. R., 513.

"The Court must give or refuse the instructions asked for. It may modify the phraseology, but cannot alter the sense. Where instructions are proper they should be given as asked." Jamison *v.* Gunary, 5 Cal. R.

"The Court must give or refuse the instructions as asked for, and no modifications, which alter the meaning, or might mislead the jury, can be substituted." 3 Cal. R., 400.

" The practice of substituting the instructions of the Court for those asked by counsel is a dangerous one, giving rise to many perplexing difficulties." 2 Cal. R., 176.

*G. N. Swezy* for Respondents.

The first and second instructions offered by the defendants and refused by the Court, related wholly to the character of evidence required to prove a transfer of Kinsey's interest in the plaintiffs' ditch claim, to the grantors of the plaintiffs. These instructions were properly rejected by the Court, and its rulings to the jury instead thereof were proper. The complaint set out in full the location of the plaintiffs' claim and acts of continued possession, and the transfer of all the rights and interest of the original locators and owners, through various subsequent holders, to the present plaintiffs, and is verified. The answer only denies, " that the plaintiffs by any acts of theirs ever acquired any rights by the laws and customs of miners to the north branch of North Slate Creek ;" and affirms " that the defendants are the true and lawful owners of the same, and have been in possession of said branch and the waters thereof for the last two years."

This is but a bare denial that the plaintiffs acquired any rights by any personal acts of their own, in the location of said claim under the mining rules and customs, and an assertion of ownership and possession in themselves of the franchise to use the waters of said creek. The complaint does not allege that the plaintiffs ever located the claim and performed the acts requisite to constitute an appropriation and possession of that class of property, but distinctly alleges the same to have been done by others, their predecessors from whom they received the same by transfers. The allegations of the complaint that the rights acquired by such appropriation and possession, were properly transferred and held by these plaintiffs, are in no manner denied by the answer. The fact of such transfers and the manner of the same are distinct and specific allegations embodied in the complaint, requiring " a specific denial to each allegation controverted by the defendant." § 46 Prac. Act, as amended in 1854.

It cannot be maintained, as urged by the appellants, that the assertion of ownership, in their answer, to the waters of said creek, amounts to a denial of the allegations of the various transfers set forth in the complaint. Taken in its broadest sense it can be regarded as no more than a denial of ownership to the waters in the plaintiffs, and it is very questionable whether it would ever amount to " a specific denial" of such allegation as is required in cases of verified complaints. The case of McLarren *v.* Spaulding, 2 Cal. R., 510, 3, is a case of a general denial, and therefore not applicable.

Section sixty-five of the Practice Act, as amended in 1854,

provides that "Every material allegation of the complaint, when it is verified, not specifically controverted by the answer, shall for the purposes of the action, be taken as true."

The defendants could well have denied any right or franchise in the plaintiffs to the use of the waters of said branch of Slate Creek; and the same might have been true, and yet the facts of such transfers and acts on the part of said plaintiffs and their predecessors have been true also. The complaint alleges that the plaintiffs' predecessors located and surveyed a ditch from Slate Creek to Gibsonville, and appropriated the waters thereof and became possessed of the franchise of the same; that the rights and privileges so acquired were transferred to the plaintiffs, and that they were now the owners thereof and entitled to the possession and enjoyment of the same. The answer does no more than deny the prior location and appropriation, and asserts the ownership in the defendants, leaving the allegation of the various transfers of the plaintiffs' predecessors to them, in no manner controverted. The appellants contend that the Court erred in not giving the fifth instruction, namely:

"A notice is a mere declaration of intention to possess, but not evidence of possession."

The rejection of this instruction was proper, upon the ground that the instruction implies no act, except the posting of a notice, upon the part of plaintiffs, to appropriate the waters, whereas the proof shows that immediately after the posting of notices by Smith and Higgins, the first appropriators, and through whom plaintiffs claim, a survey was made, the proposed line of the ditch marked out, and work commenced upon the ditch at Gibsonville as soon as the depth of snow would permit, by which acts plaintiffs' predecessors acquired an actual possession of the waters of North Slate Creek and its tributaries.

In the case of Conger v. Weaver, decided by this Court at the October Term of the year A. D. 1856, it was held that "in the case of constructing canals under the license from the State, the survey of the ground, planting stakes along the line, giving public notice, and actually commencing and diligently pursuing the work, is as much possession as the nature of the subject will admit, and forms a series of acts of ownership, which must be conclusive of the rights."

By this rule, the giving of notice, or posting of the same, was one of the series of acts that gave possession, and constituted a part of the evidence of the conclusive right of ownership. Indeed, from the very nature and character of these water-claims, it is one of the most important acts of the party, and tends more to prevent imposition upon the public than any of the others. The party may make a survey, set stakes along the line thereof, and immediately commence work thereon, and continue the same; and yet, none of these acts, unless far progressed, would

convey an idea to other persons desiring to turn the water of a particular stream, that they were intending to construct a trail, road, or ditch. Besides, as above stated, the instruction was improper, considering the facts of this case, and calculated to mislead the jury.

The sixth instruction asked by defendants, "That if the plaintiffs fail to show their possession of the water of Slate Creek previous to the occupation of defendants, then the jury must find for the defendants," was properly rejected upon the ground that the complaint alleged the prior appropriation of the water of Slate Creek, by certain parties through whom plaintiffs claim, and also the construction of the ditch by the plaintiffs and their predecessors, and is verified, while the answer makes no denial of the appropriation of the waters, and the construction of the ditch, as alleged in the complaint. As above contended, every material allegation, not specifically controverted by the answer, is deemed admitted for the purposes of the action. It therefore would have been error to have required proof of an admitted fact.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The complaint alleges in substance, that in March, 1852, Higgins and Smith posted a notice on North Slate Creek, claiming the waters of the stream, and of all ravines that might be crossed by a ditch from that point to Gibsonville, where the water was to be used for mining purposes; that surveys were made, and the ditch partly dug by the parties through whom the plaintiffs claim, and that the ditch was finally finished by plaintiffs; that the predecessors of plaintiffs had appropriated the waters of "Third Ravine," a ravine crossed by the ditch, and that the defendants had wrongfully diverted the waters of the north branch of North Slate Creek, and also of Third Ravine from plaintiffs' ditch. The defendants in their answer, deny that *plaintiffs* posted the notice, or made the surveys as alleged. They also deny, in general terms, that plaintiffs, by any act of theirs ever acquired any right to the waters of the north branch of North Slate Creek, and affirm that the right to the use of the water of said branch is in them. They also deny that they ever diverted the waters of Third Ravine from the ditch of plaintiffs. The complaint and answer were both verified.

The object of the plaintiffs in setting out the facts of their case in detail, was, doubtless, to avoid the expense and trouble of proving specific facts, which the defendants could not specifically deny. The only material issue made by the specific denials of the answer, is that concerning the diversion of the waters of Third Ravine. The denial that plaintiffs posted the notice and made the surveys amounted to nothing, for the reason,

that no affirmative allegation to that effect had been made in the complaint. The answer was not responsive to the allegations of the complaint in these particulars, and made no issue. See the case of Dewey v. Bowman et al., decided at the present term.

All the material allegations of the complaint which were not denied in the answer, were admitted as true. And as the verdict of the jury was for the plaintiffs, and no motion was made for a new trial, the only errors assigned have reference to the action of the Court in refusing certain instructions offered by the defendants, and in giving others in lieu of them.

The defendants offered, in all, eleven instructions, the third and fourth of which were given, and the others refused. The instructions refused by the Court, except the fifth, were not admissible under the pleadings. The plaintiffs having alleged certain specific facts, which taken together, made out a *prima facie* case, as to their right to the waters of Slate Creek, and these facts not being denied, the *onus* of the proof was thrown upon the defendants, to sustain their affirmative allegations, that they were the first appropriators of the waters of the north branch of the stream.

The Court very properly instructed the jury that there were but two issues of any great importance. First, as to whether or not defendants had diverted the waters of Third Ravine from plaintiffs' ditch; and second, as to the priority of location and appropriation of the waters of the north fork of Slate Creek.

The fifth instruction offered by the defendants and refused by the Court was this : "A notice is a mere declaration of intention to possess, but not evidence of possession." This instruction was not correct, as offered. A notice is evidence of possession, but of itself, alone, is not sufficient. Taken with other acts, it amounts to sufficient evidence. It forms one of a series of acts, which, taken together, make the right perfect. Conger v. Weaver, October Term, 1856.

As to the instructions given by the Court, there would seem to be no error. Under the state of the pleadings there was very little for the jury to try. We can see no error in the judgment of the Court below, and the same is therefore affirmed.